**SO ORDERED.**

**SIGNED this 17 day of May, 2013.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

PROVINCE GRANDE OLDE LIBERTY, LLC,

    DEBTOR.

CASE NO. 13–01563–8–JRL

CHAPTER 11

ELDON BOLTON, ANDREA BURNS, EDWARD BURNS, GAIL DWYER, STEPHEN DWYER, JAMES FARRELL, JANICE FARRELL, ERIC LEVIN, BETSY SAWICKI, HOWARD SHAREFF, SHAREFF & ASSOCIATES, DDS PA, CONSTANCE UTECHT, MICHAEL UTECHT, ALLAN WOLTMAN,

    PLAINTIFFS,

    v.

HOWARD A. JACOBSON, ENVISION SALES & MARKETING GROUP, LLC, CILPS ACQUISITION LCC, PROVINCE GRANDE OLDE LIBERTY, LLC,

    DEFENDANTS.

ADVERSARY PROCEEDING
NO. 13–00046–8–JRL

1

**ORDER**

This matter came before the court on the above–captioned plaintiffs' motion for relief from the automatic stay, to which Province Grande Olde Liberty, LLC ("debtor") has objected. Also before the court, in the above–captioned adversary proceeding, is the plaintiffs' motion for mandatory abstention and remand to the North Carolina Business Court pursuant to 28 U.S.C. §§ 1334(c), 1447 (c) and 1452(b), which the debtor has also opposed. A hearing took place in Raleigh, North Carolina on May 2, 2013.

**BACKGROUND**

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 11, 2013. At the time of its bankruptcy filing, the debtor was a named defendant in the pending civil action before the Honorable John R. Jolly, Jr., Chief Special Superior Court Judge for Complex Business Cases in the North Carolina Business Court ("business court action"), which is the subject of the plaintiffs' motions currently before the court. On July 19, 2010, the plaintiffs filed a complaint, individually and derivatively in the right of Lakebound Fixed Return Fund, LLC ("Lakebound") and SilverDeer Olde Liberty, LLC, in the Superior Court of Wake County, North Carolina, against Howard A. Jacobson ("Jacobson"), Envision Sales & Marketing Group LLC ("Envision"), CILPS Acquisition LLC ("CILPS"), and the debtor (collectively "business court defendants"). On September 7, 2010, the case was designated a mandatory complex business case by the Chief Justice of the Supreme Court of North Carolina and assigned to the North Carolina Business Court pursuant to N.C. Gen. Stat. § 7A–45.4(b). This factually intricate and complex dispute arose out of the plaintiffs' investments in high–yield and fixed–return real estate investment groups that were allegedly established and utilized by Jacobson as vehicles to facilitate an elaborate

2

Ponzi scheme. The complaint, subsequently amended on December 9, 2010 and February 13, 2013, asserted claims for breach of fiduciary duty, constructive fraud, conversion and quantum meruit against Jacobson and sought injunctive relief and imposition of a constructive trust against the debtor and the remaining business court defendants.

The discovery period in the business court action closed on January 9, 2012 and the motion for summary judgment filed by the plaintiffs on February 6, 2012 and the cross motion for summary judgment filed by the defendant on May 17, 2012 currently remain pending. On January 11, 2013, the business court allowed Christian Dysart to withdraw as counsel for the debtor and CILPS; however, they were ordered to retain separate counsel by February 8, 2013.[1] On February 5, 2013, the debtor and CILPS filed a motion requesting additional time to obtain substitute counsel, indicating that securing counsel would prove expensive given the complex factual and procedural history of the business court action. The brief accompanying their motion indicated that the debtor and CILPS would have to incur between $30,000.00 and $50,000.00 in expenses for new counsel to be fully prepared to represent them in connection with the business court action.

After the state court defendants served a third notice of deposition accompanied by a request for the production of documents pursuant to N.C. R. Civ. P. 34 on one of the individual plaintiffs, the plaintiffs filed a motion for protective order and sanctions on March 11, 2013. On March 12, 2013, the business court scheduled a hearing for March 18, 2013 on the motion for protective order

---

[1] The business court previously disqualified Jacobson, who is an attorney licensed to practice law in North Carolina, as counsel for the debtor and CILPS by order entered on September 16, 2011. Jacobson's disqualification as their counsel was based on the likelihood that Jacobson would be called to serve as a witness at trial.

3

and sanctions ("notice of hearing").[2] The debtor filed notices of removal with this court on March 14, 2013, and the North Carolina Business Court on March 19, 2013, removing the business court action to the bankruptcy court. The plaintiffs, on March 20, 2013, filed the motion for abstention and remand of this adversary proceeding to the North Carolina Business Court and the motion for relief from the automatic stay in order to proceed with the business court action.

## DISCUSSION

The filing of a bankruptcy petition stays, inter alia, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). The court may, however, grant a party relief from the automatic stay for the following:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property . . . if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2). Because the Bankruptcy Code does not define cause, "courts must

---

[2]In the notice of hearing, the court indicated the following:

> The parties shall come prepared to present evidence at the [h]earing on the inconsistencies in the case caption of the Notice of Deposition served on Plaintiff Howard Shareff on March 7, 2013. *If the court concludes that there has been an abuse of discovery or dishonesty visited upon the court, the court will consider severe sanctions.*

(emphasis added).

determine when discretionary relief is appropriate on a case–by–case basis." Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994) (citation omitted). "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." Christensen v. Tuscon Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990) (citing In re Castlerock Props., 781 F.2d 159, 163 (9th Cir. 1986)); accord Chey v. Cohen (In re Chey), Nos. 09–1253, 09–1254, 09–13917, 09–13910, 2010 WL 6466579, at *3 (9th Cir. B.A.P. Apr. 12, 2010).

Section 1334 of title 28 of the United States Code sets forth the situations where a bankruptcy court must abstain and when it may abstain in favor of state court adjudication of a particular issue or action. 28 U.S.C. § 1334. Section 1334(c)(1), governing mandatory abstention, prevents federal courts from "hearing a non–core matter which can be timely adjudicated in state court in a previously commenced action." Seascape at Wrightsville Beach, LLC v. Mercer's Enters., Inc. (In re Mercer's Enters., Inc.), 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008) (citation omitted); L. Ardan Dev. Corp. v. Touhey (In re Newell), 424 B.R. 730, 733–34 (Bankr. E.D.N.C. 2010).[3] Abstention is mandatory, under 28 U.S.C. 1334(c)(2), when the party seeking abstention proves the

---

[3]Section 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

5

following six factors:

> (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction.

Newell, 424 B.R. at 734 (citing 28 U.S.C. § 1334(c)(2)). Where all of these factors are present, the bankruptcy court must abstain from hearing the matter. Id.

The first five of the above–mentioned factors are conceded by the debtor, leaving at issue only whether this proceeding can be timely adjudicated in the North Carolina Business Court. Contending in the negative, the debtor asserts that the plaintiffs have failed to establish that the business court action could be timely adjudicated in the North Carolina Business Court. Adjudication of the business court action in this court, according to the debtor, would be more expeditious and beneficial to the success of the debtor's reorganization efforts given the fact that it involves the resolution of claims against the debtor's bankruptcy estate. This contention, however, is disingenuous because its actions in connection with the recent withdrawal of its counsel in the business court action and failure to obtain substitute counsel in a timely manner have hindered resolution of the pending motions for summary judgment by the business court.

The final factor of mandatory abstention, whether the matter can be timely adjudicated in state court, was examined by this court in 3G Props.:

> Timely adjudication is not measured against an absolute time guideline, but rather measured by the needs of the bankruptcy case. Suntrust Bank v. Ferrell (In re Pluma), 2000 WL 33673752, [at] *2 (Bankr. M.D.N.C. 2000) (citing 1 Collier on Bankruptcy ¶ 3.05[2] (15th ed. rev. 2000)). Even if a related proceeding could be adjudicated in state court in a short time, that adjudication may not be timely "if that amount of delay would prejudice the bankruptcy case." Id. In general, courts focus

>   on whether allowing the state court to hear the matter will have any unfavorable effect on the administration of the bankruptcy case.  See In re World Solar Corp., 81 B.R. 603, 612 (Bankr. S.D. Cal.1988); J.D. Marshall, Int'l, Inc. v. Redstart, Inc., 74 B.R. 651, 654 (N.D. Ill. 1987).
>
>   More specifically, there are seven factors to consider in determining "timeliness": (1) the backlog of the state court and federal court calendars; (2) status of the proceeding in state court prior to being removed; (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or a liquidation case. Suntrust Bank, 2000 WL 33673752, at *3 (citing In re Midgard Corp., 204 B.R. 764, 778–79 (10th Cir. B.A.P. 1997); In re Georgou, 157 B.R. 847, 851 (N.D. Ill. 1993)).

2010 WL 4027770, at *3; see Suntrust Bank, 2000 WL 33573752, at *3 ("Some of these factors such as the status of the state court calendar require the moving party to present evidence . . . . , however, [other factors] are evident from the record, such as whether a jury trial has been demanded, whether the parties have consented to the bankruptcy court entering judgment, and the nature and status of the underlying bankruptcy case.").

In the present case, the plaintiffs have demonstrated that this proceeding can be timely adjudicated in the North Carolina Business Court.  This court is virtually unaware of the intricate facts and issues accompanying this complex adversary proceeding which the business court has familiarized itself with since the business court action was designated a mandatory complex business case in September 2010.  The debtor's argues that resolution of the issues in this proceeding are integral to the success of its reorganization and further delay upon remand to the business court would cause it to lose the support of its secured creditor, PEM Entities, LLC.  This argument, however, is unpersuasive because the possibility of further delay has significantly decreased by the debtor's request for hearing it filed with this court on April 17, 2013, indicating that the motions for summary judgment are ready to be heard and ripe for adjudication.  The court is satisfied that the

7

time required for the adjudication in the bankruptcy court in this district is no shorter than the projected disposition or trial in the North Carolina Business Court. Thus, the delay occasioned by this proceeding, if any, will not be any longer in the business court than in this court.

Based on the record, all six factors requiring mandatory abstention are present and remand of the previously–removed adversary proceeding to the North Carolina Business Court is appropriate. Mandatory abstention and remand in favor of the imminent disposition of identical issues by the North Carolina Business Court, also supplies the requisite cause for allowing the plaintiffs' motion for relief from automatic stay. See 11 U.S.C. § 362(d)(1); Tucson Estates, 912 F.2d at 1166.

## CONCLUSION

Based on the foregoing and in accordance with its oral ruling at the conclusion of the hearing, the court finds that the six factors requiring mandatory abstention under 28 U.S.C. § 1334(c)(2) are present and, therefore, the plaintiffs' motion for abstention is **ALLOWED.**[4] Accordingly, the plaintiffs' motion for relief from the automatic stay is **ALLOWED** and the above–captioned adversary proceeding is hereby remanded to the North Carolina Business Court pursuant to 28 U.S.C. § 1452.

## END OF DOCUMENT

---

[4] Because all the requisite factors are present to warrant mandatory abstention in this instance, the court need not address the plaintiffs' alternative argument for permissive abstention and remand on equitable grounds pursuant to 28 U.S.C. § 1334(c)(1) and § 1452.