**SO ORDERED.**

**SIGNED this 30 day of September, 2013.**



_____
**A. Thomas Small**
**United States Bankruptcy Court Judge**

_____

```
          UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF NORTH CAROLINA
                   RALEIGH DIVISION
```

**IN RE;**

| | |
|---|---|
| **PROVINCE GRANDE OLDE** | **CASE 13-01563-8-ATS** |
| **LIBERTY, LLC,** | **CHAPTER 11** |
|     **DEBTOR.** | |

**ORDER DENYING MOTION TO REMOVE LITIGATION**

This matter came before the court on the motion of the debtor to authorize removal, or in the alternative, to stay an action pending in the North Carolina General Court of Justice, County of Wake, Superior Court Division, Business Court (the "business court") entitled <u>Bolton v. Province Grande Olde Liberty, LLC</u>, Case No. 10-CVS-12062 ("Bolton case"). A hearing was held on September 5, 2013, in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on March 11, 2013. After

1

the debtor's bankruptcy filing, the Bolton case was removed from the business court to the bankruptcy court. On March 20, 2013, the plaintiffs in the Bolton case, Eric Levin and Howard Shareff, filed a motion for relief from the automatic stay and for mandatory abstention. In an order entered on May 17, 2013, Judge J. Rich Leonard found grounds for mandatory abstention, granted the motion for relief from the automatic stay, and remanded the Bolton case to the business court.

On July 24, 2013, Levin and Shareff filed an adversary proceeding in the bankruptcy court, AP 13-00122-8-ATS, seeking equitable subordination or recharacterization of some of the debtor's secured debt (the "equitable subordination action"). The debtor, along with the secured creditor whose debt is at issue, is a defendant in the equitable subordination action. On August 2, 2013, the debtor filed the motion seeking removal of the Bolton case to the bankruptcy court on the grounds that the equitable subordination action will require determination of the same issues that are before the business court in the Bolton case.

There may be some overlap with the state court litigation, but the causes of actions alleged in the adversary proceeding are focused on the transactions between the debtor and PEM and are sufficiently different that they should proceed in this court. The causes of action are core proceedings which this

2

court can hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(H) and (O). Accordingly, the motion is **DENIED**.

**END OF DOCUMENT**