

**SO ORDERED.**

**SIGNED this 1 day of October, 2013.**

_____
**A. Thomas Small**
**United States Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION


IN RE;

PROVINCE GRANDE OLDE                          CASE 13-01563-8-ATS
LIBERTY, LLC,                                 CHAPTER 11

            DEBTOR.


### ORDER REGARDING OBJECTIONS TO CLAIMS

This matter came before the court on the objections of the debtor to the claims of Eric Levin ("Levin") and Howard Shareff ("Shareff") (collectively "claimants").  A hearing was held on September 5, 2013, in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on March 11, 2013.  At the time of its bankruptcy filing, the debtor was a named defendant in a pending civil action ("state court action" or "business court action") in the North Carolina Business Court (the "business court").  After the bankruptcy filing, the business

court action was removed to the bankruptcy court.   See Boulton v. Jacobson (In re Province Grande Olde Liberty, LLC), AP No. 13-00046-8-JRL.   The claimants, who are the plaintiffs in the business court action, filed a motion for abstention and remand of the adversary proceeding to the business court and a motion for relief from the automatic stay in order to proceed with the business court action.   On May 17, 2013, Judge Leonard entered an order finding the presence of all six factors requiring mandatory abstention and remanded the previously removed adversary proceeding to the business court.   Bolton v. Jacobson (In re Province Grande Olde Liberty, LLC), AP No. 13-00046-8-JRL (Bankr. E.D.N.C. May 17, 2013).

On July 3, 2013, Levin and Shareff filed proofs of claim 5-1 and 6-1, respectively.   Each claim was in the amount of $500,000.   The claimants attached to the proofs of claim, the second amended complaint and motion for injunctive relief (the "complaint") filed jointly by the claimants in state court on February 13, 2013.  The debtor objected to the proofs of claim on July 11, 2013, on the grounds that the debtor believes it does not owe a debt to either claimant.   The claimants filed responses to the debtor's objections in which they argue that the claims arise from the claims asserted in the action pending

2

in the business court and the resolution of whether the debtor owes such claims should be determined by the business court.

At the hearing, counsel for the claimants argued that because Judge Leonard had found that mandatory abstention was warranted and that remand to the business court necessary, the court would be acting contrary to that finding of mandatory abstention in determining the claims. Furthermore, counsel for the claimants maintains that because the claimants have consented to confirmation of the plan (subject to some minor details to be worked out between counsel), determining these claims is not vital to reaching plan confirmation.

The court agrees with the claimants that a determination of the claims in the bankruptcy court would involve a determination of the issues currently before the business court in the state court action and would be contrary to Judge Leonard's ruling requiring mandatory abstention. Furthermore, resolution of the objections to claim is not necessary for the confirmation of the chapter 11 plan. Accordingly, the court will not at this time hear the debtor's objections to claims pending a decision from the business court.

**END OF DOCUMENT**